UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Abeth Hashimi,

Plaintiff,

vs.

Rin Teak Oh; Sung Ae Oh; and El Ranchero Restaurant, Inc.,

Defendants.

## COMPLAINT

Plaintiff, ABETH HASHIMI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, RIN TEAK OH; SUNG AE OH; and EL RANCHERO RESTAURANT, INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**3.** Plaintiff, ABETH HASHIMI, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffers from a congenital neuromuscular disorder known as

Central Nuclear Myopathy, which is characterized by a defect in the cell structure of voluntary muscles, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**4.** Defendant, RIN TEAK OH, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, RIN TEAK OH, jointly with Defendant, SUNG AE OH, is the co-owner of the subject property located at 160-20 46th Avenue, Flushing, New York 11358 (hereinafter, the "Subject Premises").

**5.** Defendant, SUNG AE OH, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, SUNG AE OH, jointly with Defendant, RIN TEAK OH, is the co-owner of the Subject Premises.

**6.** Defendant, EL RANCHERO RESTAURANT, INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "EL RANCHERO" located at the Subject Premises.

**7.** According to the New York State Liquor Authority, the Defendant, EL RANCHERO RESTAURANT, INC., was issued an On Premises Liquor license on January 2, 2025 for the Subject Premises.

**8.** EL RANCHERO is a Mexican restaurant offering a variety of traditional Mexican cuisine, including tacos, burritos, quesadillas, and other food and beverage items to members of the general public in a casual dining setting. The establishment is intended to provide customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. EL RANCHERO is located at 160-20 46th Avenue in Flushing, Queens, within a neighborhood containing restaurants, cafés, grocery stores, neighborhood shops, and other retail and service-oriented businesses. The Plaintiff appreciates the

Mexican food offerings and the opportunity to enjoy traditional Mexican cuisine that reflects his Hispanic heritage, as well as the opportunity to patronize the restaurant while dining, shopping, and conducting other business in the surrounding Flushing area. However, despite the Plaintiff's interest in patronizing the restaurant, he was unable to enter the establishment due to accessibility barriers at the entrance. These and other significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** On or about October 30, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. The Plaintiff's ability to partake in the services and goods at the Subject Premises was constrained, hindered, and thwarted by certain structural barriers; to wit: an interceding concrete step hindering any wheeled ambulation or safe entry of his motorized wheelchair, and thus prevented full and equal access and enjoyment to the public accommodation.

**10.** Plaintiff has visited the Subject Property which forms the basis of this lawsuit and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.

**11.** Pursuant to 42 U.S.C. § 12186(b), the Department of Justice, through the Office of

the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**12.** EL RANCHERO is a restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, he would visit the restaurant more than a half dozen times a year for lunches and dinners; considering how appetizing and distinctive such unique dishes are, when traversing a neighborhood he frequents multiple times a month.

**13.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**14.** On or about October 30, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**15.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**16.** Plaintiff restates Paragraphs 1-15 as though fully set forth herein.

**17.** Defendants, RIN TEAK OH; SUNG AE OH; and EL RANCHERO RESTAURANT, INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages,

and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**18.** RIN TEAK OH and SUNG AE OH, jointly and severally as the co-owners of the Subject Premises, are responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

**19.** EL RANCHERO RESTAURANT, INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**20.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and

accommodations offered at the Subject Premises.

**21.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Entrance and Accessible Routes**

**i. Inaccessible Entrance Due to Noncompliant Steps and Lack of Ramp.**
The entrance has steps that prevent Plaintiff from independently entering and exiting the restaurant while using his wheelchair. The entrance does not provide a compliant ramp or accessible route to overcome the changes in level, denying Plaintiff independent access to the restaurant. These conditions violate ADAAG §§ 4.3.2, 4.3.8, 4.7, and 4.8 and the 2010 ADA Standards §§ 206.2.1, 206.4, 303.4, 402, and 405. Removing the steps or providing a compliant accessible ramp and route to the entrance is readily achievable.

**ii. Entrance Steps Lack Required Handrails.**
The entrance steps do not provide handrails on both sides. The absence of handrails deprives individuals with mobility disabilities of the support and stability necessary to safely ascend and descend the steps. Where handrails are required, these conditions violate ADAAG § 4.9.4 and the 2010 ADA Standards §§ 505 and 505.2. Installing compliant handrails where required is readily achievable.

**iii. Entrance Door Lacks Required Maneuvering Clearance.**
The entrance door does not provide the required minimum maneuvering clearance, and the floor surface within the required maneuvering area contains a noncompliant change in level. These conditions interfere with Plaintiff's ability to position his wheelchair, independently operate the entrance door, and safely maneuver into and out of the restaurant. These conditions violate ADAAG §§ 4.13.6 and 4.13.8 and the 2010 ADA Standards §§ 404.2.4, 404.2.4.1, and 404.2.4.4. Reconfiguring the entrance and correcting the change in level to provide compliant door maneuvering clearance is readily achievable.

**Interior and Exterior Dining Areas**

**iv. Dining Areas Lack the Required Number of Accessible Dining Surfaces.**
The interior and exterior dining areas do not provide the required minimum percentage of accessible dining surfaces. The existing table configurations prevent Plaintiff from independently accessing dining surfaces while seated in his wheelchair. These conditions violate ADAAG §§ 4.1.3(18) and 5.1 and the 2010 ADA Standards §§ 226.1 and 902. Providing the required number of compliant accessible dining tables in both dining areas is readily achievable.

**v. Dining Tables Lack Required Knee and Toe Clearance.**
The dining tables in the interior and exterior dining areas do not provide the required knee and toe clearance beneath the dining surfaces. The insufficient clearance prevents Plaintiff from positioning his wheelchair beneath the tables and independently using the dining surfaces. These conditions violate ADAAG §§ 4.32.3 and 4.32.4 and the 2010 ADA Standards §§ 902.2, 306.2, and 306.3. Modifying or replacing the affected tables to provide compliant knee and toe clearance is readily achievable.

**Bar Area**

**vi. Bar Counter Lacks a Compliant Accessible Section.**
The bar counter exceeds the maximum permitted accessible height of 34 inches, lacks the required toe clearance, and does not provide the required accessible portion for wheelchair users. These conditions prevent Plaintiff from positioning his wheelchair at the bar and independently obtaining food and beverage services in a manner comparable to other patrons. These conditions violate ADAAG §§ 5.2 and 4.32 and the 2010 ADA Standards §§ 226.1, 902.2, 902.3, and 306.2. Modifying the bar counter to provide a compliant accessible section with the required height and clearance is readily achievable.

**Restroom**

**vii. Restroom Lacks a Compliant Accessible Route and Door Maneuvering Clearance.**
The accessible route to and from the restroom does not provide the required accessibility, and the restroom door lacks the minimum maneuvering clearance necessary for wheelchair users. These conditions interfere with Plaintiff's ability to independently approach, open, and maneuver through the restroom doorway. These conditions violate ADAAG §§ 4.3, 4.13.6, and 4.13.8 and the 2010 ADA Standards §§ 206, 402, 404.2.4, and 404.2.4.1. Reconfiguring the route and doorway to provide compliant accessibility and maneuvering clearance is readily achievable.

**viii. Restroom Lacks Required Wheelchair Turning Space.**
The restroom does not provide the required minimum wheelchair turning space. The insufficient space prevents Plaintiff from independently turning and repositioning his wheelchair within the restroom. This condition violates ADAAG §§ 4.2.3 and 4.22.3 and the 2010 ADA Standards §§ 603.2.1 and 304.3. Reconfiguring the restroom to provide compliant wheelchair turning space is readily achievable.

**ix. Water Closet Lacks Required Clear Floor Space.**
The water closet does not provide the required minimum clearance of 60 inches measured perpendicular from the side wall and 56 inches measured perpendicular from the rear wall. The insufficient clearance interferes with Plaintiff's ability to position his wheelchair alongside the water closet and safely transfer between his wheelchair and the water closet. This condition violates ADAAG §§ 4.16.2 and 4.17.3, as applicable, and the 2010 ADA Standards §§ 604.3 and 604.3.1. Reconfiguring the restroom to provide compliant water closet clearance is readily achievable.

**x. Water Closet Lacks Required Grab Bars.**
The water closet does not provide the required rear wall and side wall grab bars. The absence of these grab bars deprives Plaintiff of the support and stability necessary to safely transfer between his wheelchair and the water closet. These conditions violate ADAAG §§ 4.16.4 and 4.26 and the 2010 ADA Standards §§ 604.5, 604.5.1, and 604.5.2. Installing compliant rear wall and side wall grab bars is readily achievable.

**xi. Lavatory Lacks Required Knee and Toe Clearance.**
The lavatory does not provide the required knee and toe clearance beneath the sink because of the existing cabinet structure. The obstruction prevents Plaintiff from positioning his wheelchair beneath the lavatory and independently using the sink. This condition violates ADAAG § 4.19.2 and the 2010 ADA Standards §§ 306.2, 306.3, and 606.2. Modifying or replacing the lavatory cabinet to provide compliant knee and toe clearance is readily achievable.

**xii. Paper Towel Shelf Exceeds the Maximum Permitted Height.**
The shelf utilized to dispense paper towels in the restroom is mounted above the maximum permitted height of 48 inches from the finished floor. The excessive mounting height interferes with Plaintiff's ability to independently reach and obtain paper towels while seated in his wheelchair. This condition violates ADAAG §§ 4.2.5 and 4.2.6, as applicable, and the 2010 ADA Standards §§ 308 and 603.4. Relocating or lowering the shelf to a compliant accessible height is readily achievable.

**22.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**23.** Plaintiff will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**24.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**25.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

**26.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**27.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**28.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com